IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERVIN LAMONTE HOLLOMAN, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00545 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| DIVISION OF RISK MANAGEMENT, ) | Chief United States District Judge |
|     Defendant. ) | |

## MEMORANDUM OPINION

Ervin Lamonte Holloman, a Virginia inmate proceeding pro se, filed this civil action against the Virginia Division of Risk Management. The case is now before the court for review under 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I. Background

Holloman is currently incarcerated at Keen Mountain Correctional Center. His complaint is styled as a "notice of claim pursuant to the Virginia Tort Claim[s] Act." Compl., ECF No. 1, at 1. On the first page, Holloman indicates that he is seeking relief for emotional distress, negligence, legal malpractice, and violations of "legal ethics" and "plea bargaining." Id. The complaint also includes a statement of claims in which he seeks to compel the Division of Risk Management to settle each of the cases that he has filed in the Western District of Virginia. Id. at 2. He alleges that the Division of Risk Management should be required to compensate him for the "hazards of reckless endangerment" that he has allegedly faced while in the custody of the Virginia Department of Corrections. Id. at 3.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Discussion

Having reviewed the complaint, the court concludes that Holloman's claims are subject to dismissal for at least three reasons. First, to the extent Holloman seeks to hold the Division of Risk Management liable for alleged constitutional violations under 42 U.S.C. § 1983, the defendant is not a "person" subject to liability under the statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency is "not a 'person' within the meaning of the statute").

Second, claims against the defendant under § 1983 and the Virginia Tort Claims Act ("VTCA") are barred by the Eleventh Amendment. Under the Eleventh Amendment, "an

2

unconsenting State is immune from suit brought in federal court by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662–63 (1974). This protection also extends to state agencies and instrumentalities, Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), such as the Division of Risk Management. Therefore, absent waiver or abrogation of sovereign immunity, any claims against the Division of Risk Management "are barred regardless of the relief sought." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

In this case, the immunity afforded by the Eleventh Amendment has not been waived. Nor has it been abrogated with respect to any claims under § 1983 or the VTCA. "While Congress may abrogate a State's Eleventh Amendment immunity by express statutory language, it has long been settled that 42 U.S.C. § 1983 . . . does not effect such an abrogation." In re Sec'y of Dep't of Crime Control & Pub. Safety, 7 F.3d 1140, 1149 (4th Cir. 1993). Likewise, while the VTCA "waive[s] sovereign immunity for tort claims filed in state courts," it "does not waive the state's eleventh amendment immunity" in federal courts. McConnell v. Adams, 829 F.2d 1319, 1329 (4th Cir. 1987).

Finally, even if Holloman had named a proper defendant, the complaint would be subject to dismissal for failure to state a claim upon which relief may be granted. "Courts do not have authority to compel parties to settle . . . cases," In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993), and Holloman's conclusory references to various legal terms do not suffice to state a plausible claim for relief. See Twombly, 550 U.S. at 555–57 (explaining that a complaint must contain more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement").

## IV. Conclusion

For the foregoing reasons, the court concludes that Holloman's complaint is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: November 27, 2023

Michael F. Urbanski
Chief United States District Judge